[Cite as *State v. Srock*, 2013-Ohio-4452.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| GREGORY T. SROCK | : | Case No. 2013CA00064 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Stark County Court
of Common Pleas, Case No.
2012CR1136A


JUDGMENT:    Affirmed


DATE OF JUDGMENT:    October 7, 2013


APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
Prosecuting Attorney

BY: RENEE M. WATSON
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza South, Suite 510
Canton, OH 44702

For Defendant-Appellant

BERNARD L. HUNT
2395 McGinty Road NW
North Canton, OH 44720

*Baldwin, J.*

{¶1}    Appellant Gregory T. Srock appeals a judgment of the Stark County Common Pleas Court convicting him of one count of safecracking (R.C. 2911.31(A) and one count of breaking and entering (R.C. 2911.13(A)).  Appellee is the State of Ohio.

### STATEMENT OF FACTS AND CASE

{¶2}    On June 13 and 14, 2012, appellant was with his friends Zach and Stephanie Dare in the Canton apartment of a friend of the Dares.  While shooting heroin, appellant told the Dares that he knew that the owner of the Canal Boat Lounge in Canal Fulton planned to rob his own business for the insurance money, and he wanted to beat him to it.

{¶3}    The group got into a Chevy Cruise which Stephanie Dare had rented from Enterprise earlier in the week and drove to Canal Fulton.  The Dares dropped appellant off at the Canal Boat Lounge and drove around until they saw appellant walking down the street.  They picked appellant up, and he indicated that he was able to break into the bar.  They drove back to the bar where appellant and Zach removed the safe, which weighed between 300 and 400 pounds, from the basement of the bar.  The men took the cushions out of the small car to make the safe fit, and ultimately caused $3,000.00 of damage to the car.

{¶4}    From the bar, the group drove back to the friend's apartment in Canton. Stephanie retreated to a bedroom while the men wrestled the large safe into the apartment.  Appellant used a grinder to remove the hinges from the safe.  They discovered another strong box inside, containing around $4,000.00.  They used some of

the money to buy a Suburban with which to dispose of the safe, and spent the rest on drugs and hotels. They disposed of the safe behind a storage facility in Navarre.

{¶5} Hal Hardie, the owner of the bar, met a friend early in the morning of June 14, 2012, for a bicycle ride. Hardie noted signs of a break-in, and discovered that his safe was missing. Hardie called the Canal Fulton Police.

{¶6} Officer Charles Kassinger arrived at the bar, and noted that a sliding glass door had been pried open. A dolly that had been in the basement of the bar was found outside. Officer Barabach spoke to the Dares, who provided details of the crime and disclosed appellant's involvement. Zach Dare drew a map which led officers to the disposal location of the safe.

{¶7} When Barabach spoke to appellant, appellant denied taking the safe but stated, "Well, I'm not saying I wasn't there." Appellant also admitted to having a history with the Canal Boat Lounge because his girlfriend worked there. Hardie confirmed that appellant dated one of the barmaids and spent a lot of time at the bar, and appellant had attended the employees' Christmas party.

{¶8} Appellant was charged with one count of safecracking and one count of breaking and entering. The case proceeded to jury trial. After deliberating for twenty-six minutes, appellant was convicted as charged. He was sentenced to six months in the Stark County jail on each count, to be served consecutively, and was ordered to begin a three-year period of community control upon completion of his jail time. He assigns one error on appeal:

{¶9} "THE APPELLANT'S CONVICTIONS FOR ONE COUNT OF SAFECRACKING, A VIOLATION OF R.C. 2911.31(A) AND ONE COUNT OF

BREAKING AND ENTERING, A VIOLATION OF R.C. 2911.13(A) WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."

{¶10} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St. 3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1983).

{¶11} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶12} Appellant was convicted of safecracking in violation of R.C. 2911.31(A), which provides, "No person, with purpose to commit an offense, shall knowingly enter, force an entrance into, or tamper with any vault, safe, or strongbox." He was also convicted of breaking and entering in violation of R.C. 2911.13(A), which provides, "No person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony."

{¶13}　Appellant does not argue that the State failed to prove the elements of the offenses.　Rather, he argues that the evidence that linked appellant to the crimes committed at the Canal Boat Lounge came solely from the Dares, and the jury lost its way in believing the Dares' testimony. He argues that Zach Dare has a lengthy criminal record and is not credible, and Stephanie Dare was not charged for her role in the crime.

{¶14}　The jury was informed of Zach Dare's long criminal history, knew that he was incarcerated at the time of trial in the Summit County Jail, and was aware that he had pled guilty to his involvement in the instant case.　Further, the jury was aware that Stephanie Dare was not charged for her role in the crimes.　We cannot find that the jury lost its way in believing the testimony of the Dares that appellant was involved in the plan to take the safe from the Canal Boat Lounge, broke into the bar, helped Zach Dare remove the safe from the bar, and helped open the safe once they returned to the Canton apartment.　Appellant conceded to police, "Well, I'm not going to say I wasn't there." Tr. 200.　Further, the owner of the bar testified that appellant spent a lot of time in the bar and came to the employees' Christmas party because he dated one of the employees.

{¶15}   The assignment of error is overruled.  The judgment of the Stark County Common Pleas Court is affirmed.  Costs assessed to appellant.


By: Baldwin, J.

Gwin, P.J. and

Wise, J. concur.


                                   HON. CRAIG R. BALDWIN


                                   HON. W. SCOTT GWIN


                                   HON. JOHN W. WISE


CRB/rad

[Cite as *State v. Srock*, 2013-Ohio-4452.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff - Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| GREGORY T. SROCK | : | |
| | : | |
| Defendant - Appellant | : | CASE NO. 2013CA00064 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs assessed to appellant.

_____
HON. CRAIG R. BALDWIN

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE